44 P.(2d) 1040

## LONG v. CARTER.

No. 4032.

Supreme Court of New Mexico.

May 17, 1935.

J. S. Fitzhugh, of Clovis, for appellant.

E. T. Hensley, Jr., of Portales, for appellee.

BICKLEY, Justice.

Plaintiff, Long, recovered judgment against defendant, Carter, in an action in a justice of the peace court for automobile parts and repairs supplied to defendant's automobile. Carter appealed to the district court, where the court trying the case without a jury upon the evidence introduced by the parties rendered judgment for Long upon a decision theretofore "delivered." No exceptions appear to have been taken to the judgment at the time of its rendition. While the judgment remained under the control of the court, Carter moved to set it aside on the ground of alleged errors committed at the trial. This motion was denied by the court. No exceptions were taken to the court's ruling.

If the decision delivered by the court was in writing and filed in the case, we do not have the benefit of it.

Defendant Carter requested certain findings of fact and conclusions of law, some of which were adopted and some refused. No exceptions were taken to the refusals. The court found at the request of defendant that he was only 18 years old. Appellant relies mainly upon the proposition that repairs and replacements to an infant's car are not such necessaries for which he has capacity to bind himself. He concedes that an infant may bind himself for necessaries furnished him.

In 20 R. C. L. 625, it is said: "At an early day it was said that necessaries for an infant include 'his necessary meat, drink, apparel and physic; and likewise good teaching and instruction whereby he may profit himself afterwards,' but modern authorities extend the term to include many of the conveniences of refined life, according to the circumstances and conditions of the parties."

Again it is said in the same paragraph of the R. C. L. text: "What are necessaries is

a mixed question of fact and law, to be determined on the particular facts of each case by the jury."

In view of the condition of the record, as heretofore recited, and the further fact that there is no bill of exceptions in the record, we must presume that the finding that the labor and materials supplied by plaintiff to defendant were necessaries, is correct.

Finding no reversible error in the record, the judgment will be affirmed, and the cause remanded for further proceedings, and it is so ordered.

SADLER, C. J., and HUDSPETH, WATSON, and ZINN, JJ., concur.